[Civ. No. 24868.   Second Dist., Div. Two.   Aug. 16, 1960.]

WILLEDD ANDREWS, Petitioner, v. SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent.

J. Edward Haley for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

KINCAID, J. pro tem.*—Petition for writ of certiorari. By stipulation certified copies of the respective affidavits, documents and minutes are deemed to be the record of the proceedings and the return to the petition herein.

Petitioner, attorney for defendants O. L. Jaggers, D. B. Jaggers and The World Church, a corporation, in Ebson versus Jaggers et al., an action pending in the superior court, Number 719730, petitions this court for a writ reviewing the following "Minute Order in re Contempt" of the superior court made June 6, 1960: "Both citees are personally present. Bench warrants ordered issued May 31, 1960, are recalled. The court finds that the respondents O L Jaggers and D B Jaggers are not guilty of contempt of this order to show cause. The court finds that both respondents wilfully disobeyed the order of April 18, 1960, of which defendants had waived notice in open court. The court finds that the responsibility for not giving proper notice to his clients and for their failure to appear at deposition is on Willedd Andrews, their attorney. Pursuant to section 2034(B)2(IV) C. C. P. the court orders Willedd Andrews to personally pay to plaintiff's attorneys the sum of $150.00 as reasonable expenses, including attorneys fees, not later than June 10, 1960. O L Jaggers and D B Jaggers are ordered to appear on June 8, 1960, at 2:00 P M for the taking of their depositions at . . ."

Petitioner alleges that on May 16, 1960, respondent court issued an order to show cause re contempt on taking a deposition based upon the declaration of the attorney for plaintiff in said action. On June 6, 1960, the court, after considering the declarations of the respective parties including the declaration of the petitioner that he had notified defendants of the order previously made by the court for their appearance to give their depositions and the affidavits of defendants in support of said declaration, made its order holding petitioner to be in contempt as above set forth.

Petitioner further alleges that in the making of said order *in re* contempt, said court exceeded its jurisdiction in the

*Assigned by Chairman of Judicial Council.

exercise of its judicial function and acted arbitrarily and in violation of the legal and equitable rights of petitioner.

Answer of respondent with points and authorities has been filed. Respondent admits that it considered the declaration of petitioner that he had notified defendants of the order previously made by the court alleging that on a date prior to April 18, 1960, the depositions of O. L. Jaggers and D. B. Jaggers had been set for hearing; that because of the failure of said defendants to appear for the taking of the depositions on said prior date the respondent court issued an order to show cause *in re* contempt returnable April 18, 1960. On said latter date, petitioner, as attorney for said defendants, was present in court. Respondent court reset the date for taking the depositions of said defendants for May 5, 1960, at 10 a.m. at the office of the attorney for plaintiff and petitioner waived notice of said deposition hearing.

Respondent court further avers that the said declaration of petitioner discloses that petitioner made no effort or attempt until May 4, 1960, to notify O. L. Jaggers and D. B. Jaggers of the taking of their depositions on the following day. Said parties were then unavailable for the notice of May 4th and thereafter did not appear for the taking of their depositions on May 5, 1960. Respondent court alleges that the failure of petitioner between April 19, 1960, and May 4, 1960, to notify the said defendants of the date, time and place of taking their depositions is tantamount to advising said parties to disobey the order of the court. The court therefore denies that it exceeded its jurisdiction or acted arbitrarily and prays for a denial of the writ and petition.

The order *in re* contempt is based upon the alleged violation of section 2034 (b) (2) (iv), Code of Civil Procedure. Said section is as follows: "An order requiring the disobedient party or *the attorney advising such disobedience* to pay to the party obtaining an order under this section the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees." (Emphasis supplied.) A reading of said section makes it readily apparent that an attorney may only be penalized thereunder by "advising such disobedience." The contempt order makes no such finding. The specific finding obligating petitioner to pay certain attorney's fees by way of penalty is as follows: "The court finds that the responsibility for not giving proper notice to his clients and for their failure to appear at deposition is on Willedd Andrews, their attorney."

■ When contempt proceedings, criminal in their nature, are reviewed by habeas corpus or certiorari and the limited jurisdiction of the court to punish for contempt is brought into question, the presumptions indulged in support of ordinary judgments do not apply and the judgment is strictly construed in favor of the accused. (*Vallindras* v. *Massachusetts etc. Ins. Co.*, 42 Cal.2d 149, 155-156 [265 P.2d 907]; *Raiden* v. *Superior Court*, 34 Cal.2d 83, 86 [206 P.2d 1081].)

■ The foregoing wording of the minute order *in re* contempt is not a finding that petitioner as attorney for the nonappearing defendants, advised them to disobey the court's order to attend at a time and place set for the taking of their depositions.

The finding that the responsibility for not giving proper notice to his clients and for their failure to appear at depositions is on petitioner is not a recital of facts that show an act or acts which constitute a contempt under provisions of the said code section (Code Civ. Proc., § 2034(b)(2)(iv)) and the order holding petitioner in contempt is therefore in excess of the jurisdiction of the court.

■ When a statute authorizes a prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction, and certiorari will lie to correct such excess. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 290 [109 P.2d 942]; *Rodman* v. *Superior Court,* 13 Cal.2d 262, 269 [89 P.2d 109]; *Estate of Bodger,* 128 Cal.App.2d 710, 714 [276 P.2d 83].)

The portion of the order adjudicating a contempt and ordering petitioner to personally pay to plaintiff's attorneys the sum of $150 as reasonable expenses, including attorney fees is annulled.

Fox, P. J., and Ashburn, J., concurred.