[No. E002107. Fourth Dist., Div. Two. May 20, 1986.]

LEWIS GLEN CORNS, Plaintiff and Respondent, v.
JOHN D. MILLER et al., Defendants;
MARK L. BRADBURY, Appellant.

**COUNSEL**

Mark L. Bradbury, in pro. per., for Appellant.

Wacy Armstrong, Jr., for Plaintiff and Respondent.

**OPINION**

**RICKLES, Acting P. J.**—Plaintiff Lewis Glen Corns sued defendants John D. Miller and Ha Thi Nga (husband and wife) to quiet title to a parcel of real property. Upon defendants' failure to obey an order compelling answers to interrogatories, the court struck their answer to the complaint, entered their default, and ordered defendants and their attorney of record, Mark L. Bradbury, to pay $540 to plaintiff. Attorney Bradbury moved for reconsideration of the portion of the order imposing monetary sanctions against him but the motion was denied. Bradbury has appealed from the resulting default judgment.[1]

---

[1]In the notice of appeal, Bradbury purported to appeal from the order denying reconsideration. However, he now concedes that an order imposing monetary sanctions for a discovery violation is not appealable. An order denying reconsideration of a nonappealable order is itself nonappealable. Although two divisions of the Court of Appeal have permitted appeals from monetary sanction orders against parties or their attorneys (i.e. *In re Marriage of Fuller* (1985) 163 Cal.App.3d 1070, 1072, fn. 1 [210 Cal.Rptr. 73]; *Ellis* v. *Roshei Corp.* (1983)

FACTS

The record on appeal is a slender clerk's transcript and no reporter's transcript. The briefs have engaged in the deplorable practice of mentioning and relying on numerous facts outside the appellate record but these assertions will be disregarded and consideration will be given only to facts shown by the appellate record.

Plaintiff served defendants with a set of interrogatories. No answers having been received, plaintiff brought a motion to compel answers (Code Civ. Proc., § 2034, subd. (a)). On October 4, 1984, the motion was granted and defendants were given 20 days to answer. Defendants' motion for reconsideration was denied on November 8. Defendants' application to this Court for a writ of prohibition was summarily denied on December 31.

Answers still not having been received, plaintiff moved for an order striking defendants' answer to the complaint, entering default against them, and for the sum of $540 as sanctions against both defendants and Bradbury. The notice of motion was filed on February 14, 1985. As authority for the monetary sanctions the notice of motion cited subdivision (b)(2)(D) of section 2034 of the Code of Civil Procedure.

No opposition papers were filed and when the motion came on for hearing on March 12 there were no appearances on behalf of defendants or Bradbury. The motion was granted and a formal signed order was filed on the following day which, among other things, imposed sanctions in the amount of $540 against defendants and Bradbury.

Bradbury's notice of motion for reconsideration (Code Civ. Proc., § 1008) was filed on March 25. The motion was supported by Bradbury's declaration, in which he stated:

"I have been unable to locate my client, Ha Thi Nga, since filing the answer on file herein. I have advised her husband defendant, John D. Miller, on numerous occasions since November of 1984 to answer the interrogatories propounded by plaintiff. I have not received any answers to interrogatories from either of them.

---

143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57]; see also, *In re Marriage of Lemen* (1980) 113 Cal.App.3d 769, 776 [170 Cal.Rptr. 642] [appeal from sanctions order against nonparty witness and his attorney]), this division does not (*People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923, 937, fn. 15 [171 Cal.Rptr. 85]; see also, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 86, pp. 107-108). Bradbury having furnished us with a certified copy of the final judgment, the notice of appeal is construed as an appeal from the judgment. (Cal. Rules of Court, rule 2(c).)

"Prior to the filing of plaintiff's motion to compel[2] on January 7, 1985, I telephoned plaintiff's counsel and informed him that defendants would not, in all probability, be answering the interrogatories propounded to them. I further informed him that he should do whatever he felt necessary relative to the action. I also asked him if he knew where I could get in touch with Ha Thi Nga, and he did not know.

"Subsequently, I received plaintiff's motion to compel.[3] I decided not to oppose the motion because it was well taken and my clients appeared to have no intention of answering the interrogatories. Furthermore, the filing of an opposition would surely have been characterized as a meritless dilatory tactic. I mistakenly assumed that the court would not award sanctions against me since I had no involvement with my client's failure to respond to plaintiff's discovery. I am aware that under C.C.P. S 2034(6)(2)(iv),[4] the court has the power to award sanctions against an attorney who advises his client not to respond to discovery.

"However, after reading attorney Armstrong's declaration pg. 3, lines 20-23,[5] I felt comfortable with the assumption that the court could not find any involvement on my part with defendant's failure to respond to plaintiff's discovery. Unfortunately, I made a mistake and such a mistake is grounds for reconsideration."

## ISSUES

In the opening brief, Bradbury has argued there was insufficient evidence to prove he advised defendants not to answer the interrogatories. He likewise argued that the sanctions could not be upheld as having been imposed under Code of Civil Procedure section 128.5 because there was no compliance with the requirements of that section regarding notice and findings.

In the respondent's brief, plaintiff has argued there was sufficient evidence to support the order under section 2034 and he concedes, indeed insists, that the order was not made under section 128.5. Plaintiff has requested sanctions for a frivolous appeal.

---

[2]Bradbury here is obviously referring to the motion to strike, not the motion to compel.

[3]Again, the reference should be to the motion to strike.

[4]Bradbury here seems to be referring to subdivision (b)(2)(D), formerly (b)(2)(iv), of section 2034 of the Code of Civil Procedure.

[5]In support of the motion to strike and impose sanctions, plaintiff's attorney, Wacy Armstrong, Jr., had stated in a declaration that he had contacted Bradbury and requested that his clients sign a quitclaim deed in favor of plaintiff. According to the declaration, "Mr. Bradbury stated that he did not believe his clients would cooperate along those lines and that I should do whatever I need to do to assert my client's rights." This is the passage referred to in Bradbury's declaration.

Bradbury's reply brief responds to plaintiff's arguments but raises no new issues.

In our view there are two issues presented by the appeal. First, was there sufficient evidence to support the initial order imposing sanctions against Bradbury? As explained later, this issue turns on the allocation of the burden of proof. Second, was the denial of the motion for reconsideration an abuse of discretion? This second issue has received scant attention in the briefs, even though Bradbury relies heavily on the declaration submitted in support of the motion for reconsideration.

I

■ If a party fails to comply with an order to compel answers to interrogatories, one of the sanctions which a court may impose is an "order requiring the disobedient party *or the attorney advising such disobedience* to pay to the party obtaining an order under this section the reasonable expenses incurred in obtaining the order, including reasonable attorney fees." (Code Civ. Proc., § 2034, subd. (b)(2)(D).)

An attorney may only be penalized under this provision for advising disobedience. It is not enough that the attorney's actions were in some way improper and contributed to the disobedience of the court order. For example, a sanction order against an attorney was held improper where the attorney made no effort to contact his clients concerning their depositions until the day before the date scheduled, with the result that the clients were unavailable and failed to appear. (*Andrews* v. *Superior Court* (1960) 183 Cal.App.2d 756 [7 Cal.Rptr. 194].)

In the present case, there was nothing in the moving papers to establish that Bradbury had advised disobedience of the order to compel. His previous actions in challenging the order by motion for reconsideration and by petition for extraordinary writ did not raise an inference that he advised disobedience. Accordingly, the sanctions order against Bradbury would be improper if, as he assumes, plaintiff had the burden of proof on this issue.

In a motion proceeding, the moving party usually has the burden of proving every fact essential to the relief requested. (Evid. Code, § 500.) However, there is a common exception to this rule where the facts in question are peculiarly within the knowledge of the resisting party. (Witkin, Cal. Evidence (1966 & 1984 Supp.) § 198, and cases cited therein.)

An attorney's advice to a client to answer or not answer an interrogatory is a fact peculiarly within the knowledge of attorney and client. To place the burden of proof on the moving party in this situation would effectually nullify the statutory language and frustrate the statutory purpose.

While there is no authority precisely in point, decisions on related issues support the conclusion that the burden of proof is allocated to the parties against whom sanctions are sought.

In *Weinkauf* v. *Superior Court* (1966) 64 Cal.2d 662 [51 Cal.Rptr. 100, 414 P.2d 36], the court was construing a provision authorizing sanctions against a party or the party's attorney for willful failure to serve answers to interrogatories. The court stated: "[S]ection 2034, subdivision (d), confers a broad discretion upon the trial court to tax costs against either a defaulting party or his attorney. If the evidence clearly shows the attorney to be blameless, an appellate court might rule that the trial court abused its discretion in taxing the costs against the attorney. The burden of establishing any such abuse of the trial court's discretion would obviously fall upon the petitioner." (At pp. 664-665.)

While the court did not expressly say the burden of proof in the trial court was on the attorney, this seems the most reasonable interpretation of the court's statement.

In the context of sanctions against a party for willful refusal to furnish discovery, it has been held that the responding party has the burden of proving the lack of willfulness of his failure to perform. (*Motown Record Corp.* v. *Superior Court* (1984) 155 Cal.App.3d 482, 489 [202 Cal.Rptr. 227]; *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 788 [149 Cal.Rptr. 499].) The same principle which requires a party to prove lack of willfulness also requires an attorney to prove he did not counsel disobedience.

As Bradbury did not submit any opposition to the motion for sanctions, and did not appear at the hearing on the motion, he failed to discharge his burden of proof and the court acted properly in ordering sanctions against him.

## II

"When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally,

or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may [*sic*], make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order." (Code Civ. Proc., § 1008, subd. (a).)

■ An order denying a motion for reconsideration is interpreted as a determination that the application does not meet the requirements of section 1008. If the requirements have been met to the satisfaction of the court but the court is not persuaded the earlier ruling was erroneous, the proper course is to grant reconsideration and to reaffirm the earlier ruling. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1011-1012 [183 Cal.Rptr. 594].)

Here the minute order states simply that the motion for reconsideration was denied. In the absence of any contrary indication, the ruling is presumed to be based on noncompliance with section 1008 rather than on the merits of the earlier sanctions order.

■ As used in section 1008, the phrase "alleged different state of facts" means "that the party seeking reconsideration must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time." (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at p. 1013.)

Here the facts which Bradbury recited in his declaration in support of reconsideration were obviously known to him before the sanctions order was made and so they were not newly discovered. The only thing newly discovered was the inaccuracy of Bradbury's guess about what the court would rule. Moreover, the trial court, in the exercise of its discretion, could reasonably reject Bradbury's explanation for failing to oppose the sanctions motion. Bradbury said he "felt comfortable with the assumption that the court could not find any involvement on my part." As the motion plainly sought sanctions against Bradbury, and as Bradbury had the burden of proving that sanctions were not justified, his assumption was not warranted and was not one with which a reasonable attorney should have been comfortable. At the very least, Bradbury should have appeared at the hearing to explain his position to the court.

The denial of the motion for reconsideration was not an abuse of discretion.

While the appeal is plainly without merit, it is not clearly frivolous and therefore plaintiff's request for further sanctions is denied.

The judgment is affirmed.

Kaufman, J., and McDaniel, J., concurred.