Filed 5/9/13  City of Inglewood v. Inglewood Neighborhood Hous. Services CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CITY OF INGLEWOOD et al., | B238800 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. No. YC061161) |
| INGLEWOOD NEIGHBORHOOD HOUSING SERVICES, | |
| Defendant and Appellant; | |
| LEO JAMES TERRELL, | |
| Objector and Appellant. | |

APPEAL from rulings of the Superior Court of Los Angeles County.  Dudley W. Gray II, Judge.  Affirmed.

Law Offices of Michael D. Payne and Michael D. Payne for and Defendant and Appellant.

Law Offices of Leo James Terrell and Leo James Terrell for Objector and Appellant.

Bergman Dacey Goldsmith, Gregory M. Bergman and Arash Beral for Plaintiffs and Respondents.

Leo James Terrell (Terrell) and Inglewood Neighborhood Housing Services, Inc. (INHS) (collectively appellants) appeal from a ruling dated October 13, 2011, imposing monetary sanctions in the total amount of $16,175 against appellants for discovery violations.[1] Terrell also challenges the trial court's denial of his motion for reconsideration of the sanctions order. We find no abuse of discretion in the trial court's rulings, therefore we affirm.

## CONTENTIONS

Terrell argues that there is no evidence that he had any part in INHS's disobedience of the trial court's orders or that he willfully advised INHS not to comply with the trial court's orders. Specifically, Terrell claims there was a breakdown in the attorney-client relationship between himself and INHS such that he was unable to obtain INHS's cooperation.

INHS argues that it had no knowledge of the trial court's orders due to the breakdown of the attorney-client relationship. INHS also argues that the record shows by way of an absence of evidence that INHS had no knowledge of the orders of the court and that upholding the trial court's order of $16,175 of sanctions against INHS is unjust and unfair as it effectively punishes the client when the client has no knowledge of the orders of the court.

---

[1] The City of Inglewood and the Redevelopment Agency of the City of Inglewood (collectively respondents) argue that INHS did not file a notice of appeal, therefore we have no jurisdiction to consider any argument made by INHS. The notice of appeal filed by Terrell in this matter lists Terrell as counsel for Quantum Community Development Corp. and Donnicus Cook, and former counsel for defendants INHS, Gil Mathieu, Rochelle Tukes, and Martina S. Guilfoil.

A notice of appeal is construed liberally, and the signing attorney need not be the appellant's attorney of record. (*Estate of Hultin* (1947) 29 Cal.2d 825, 832.) Any person authorized by the appellant may sign the notice of appeal on the appellant's behalf. (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1216-1217.) Construed liberally, the notice of appeal filed by Terrell suggests that Terrell was authorized to act on behalf of INHS. By filing an opening brief in this appeal, INHS implicitly concedes that Terrell had such authority. Absent clear evidence that such authority was lacking, we conclude that Terrell was authorized to act on behalf of INHS for the purpose of filing a notice of appeal, and that the notice thus perfected INHS's appeal.

2

## BACKGROUND

Respondents, City of Inglewood and the Redevelopment Agency of the City of Inglewood, filed a complaint against INHS and others (defendants) on December 1, 2009, alleging breach of contract, conversion, accounting, and breach of fiduciary duty. Respondents alleged that they entered a series of one-year contracts with INHS relating to the administration of loans made pursuant to various grant programs that provided funding for loans for the purchase and improvement of real property located in the City of Inglewood. Respondents sought damages against INHS based on alleged mismanagement and poor administration of certain loan programs.

In March 2010, respondents served one set of requests for production of documents to each defendant in the case. The defendants failed to comply with the discovery request, and respondents filed a motion to compel. On September 2, 2010, the parties filed a stipulation in which defendants agreed to produce and/or provide access to all of the requested loan documents and allow the respondents to take custody of those documents. The defendants stipulated that should they fail to provide possession and access in accordance with the stipulation, they would pay respondents $2,000 in sanctions for each failure to comply.

On September 2, 2010, the trial court entered an order in accordance with the terms of the stipulation.

Despite the order, defendants did not provide respondents with access to the required documents. On April 26, 2011, respondents filed a motion to enforce the September 2, 2010 order. The motion was heard on June 14, 2011, and the court granted the motion, ordering defendants to allow respondents access to the documents within 30 days.

INHS provided access to its basement one day before the deadline, on July 13, 2011. During the inspection, INHS refused to allow access to two locked cabinets and computer equipment. Respondents requested access to the locked cabinets and equipment.

Regarding the inspection of the cabinets, INHS's counsel agreed on July 14, 2011, to allow the inspection, but never provided dates for respondents to do so. When respondents inquired of INHS's counsel on August 10, 2011, counsel informed them that he believed the inspection was moot in light of his announcement that INHS intended to file for bankruptcy and that he had filed a motion to disqualify the judge.[2]

As to the computer equipment, INHS filed a motion for protective order with the court seeking to protect certain laptop computers from inspection. However, the motion for protective order did not cover all of the computer equipment to which respondents had been denied access. Later, after respondents had filed their objections and opposition to the motion for protective order, INHS took the motion off calendar. In their opposition to the motion for protective order, respondents sought monetary sanctions in the amount of $5,300 for their expenses in responding to the motion.

On July 28, 2011, respondents moved to compel the deposition of an INHS person most knowledgeable (PMK). The court granted the motion and INHS was ordered to provide a qualified PMK for deposition before August 17, 2011. INHS did not produce or designate such an individual within the time allowed. After respondents noticed the deposition, on August 17, 2011, Terrell wrote to respondents to inform them that he would not be attending the deposition, and presumably not producing a PMK.

On August 18, 2011, respondents filed a motion notifying the court of the above discovery violations and seeking enforcement of three prior discovery orders: (1) the September 2, 2010 stipulated order; (2) the June 14, 2011 order enforcing compliance with the September 2, 2010 order; and (3) the July 28, 2011 order compelling INHS to produce a qualified PMK for deposition. Respondents argued that imposition of monetary sanctions was appropriate in the amount of $10,875 against INHS and its attorney of record for failure to obey prior court orders.

---

[2] On August 12, 2011, the trial court issued an order striking Terrell's statement of disqualification, finding that on its face, and as a matter of law, the statement did not present lawful grounds for disqualification.

4

On October 13, 2011, the trial court granted respondents' motion for order enforcing its prior court orders and imposed the requested sanctions of $10,875. The court also granted respondents' request for monetary sanctions of $5,300 contained in respondents' opposition to appellants' motion for protective order. The court's ruling imposed a total of $16,175 in sanctions against Terrell and INHS.

On September 27, 2011, Terrell filed motions to be relieved as counsel for INHS and other defendants. On November 18, 2011, the court granted those motions.

On October 20, 2011, Terrell filed a motion for reconsideration of the trial court's October 13, 2011 ruling imposing monetary sanctions totaling $16,175 against Terrell. Terrell argued that (1) monetary sanctions should not be imposed on Terrell because he never advised his clients to disobey the court's orders, nor was there willful disobedience on his part; and (2) sanctions may only be imposed on the party, not the party's attorney, especially where there the attorney has no control over the clients.

On December 19, 2011, the trial court issued an order denying Terrell's motion for reconsideration.

The notice of appeal from the trial court's rulings dated October 13, 2011, and December 19, 2011, was filed on January 31, 2012.[3]

## DISCUSSION

### I. Standard of review

The standard of review for a motion imposing discovery sanctions is abuse of discretion. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.) The standard for review of a ruling on a motion for reconsideration is also abuse of discretion. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

Under the abuse of discretion standard, the appropriate test is whether the trial court exceeded the bounds of reason, all circumstances before it being considered. (*In re*

---

[3]    The trial court's October 13, 2011 ruling imposing a total of $16,175 in sanctions is immediately appealable under Code of Civil Procedure section 904.1, subdivision (a). Because the underlying order was appealable, and the motion for reconsideration was based on new and different facts, the motion for reconsideration is also appealable. (*Rabbitt v. Vincente* (1987) 195 Cal.App.3d 170, 174.)

*Marriage of Connolly* (1979) 23 Cal.3d 590, 598.)  Appellate courts should disturb discretionary rulings only when there is a clear abuse of the trial court's discretion and a miscarriage of justice.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.)

**II.  The trial court did not abuse its discretion in awarding sanctions**

Appellants have not established that the trial court abused its discretion in granting the motions for sanctions in the total amount of $16,175.  Despite the trial court's order dated September 2, 2010, appellants still had not complied as of April 26, 2011, necessitating a motion to compel and a second order from the court.  When appellants continued to refuse to allow access to all of the subject documents, respondents were forced to file a third request for enforcement.  It was only at this time, a year after the court's initial stipulated order, that the court imposed sanctions.  This act did not exceed the bounds of reason.  It appears to be a rational and necessary use of the trial court's discretion under the circumstances.

### A.  Sanctions against Terrell

Terrell acknowledges that monetary sanctions may be imposed against the disobedient party's attorney for advising noncompliance with a court's order.  (Code Civ. Proc., § 2023.030, subd. (a); *Corns v. Miller* (1986) 181 Cal.App.3d 195, 200.)  To escape sanction, the burden is on the attorney to prove that he or she did not advise the client to disobey the discovery order.  (*Id.* at p. 201.)

Terrell argues that the imposition of sanctions against him is based on the assumption that there was unity of action between the attorney and the client.  He claims that he lacked control over INHS.  He explains that INHS's insurance company dropped coverage for INHS's litigation costs in July 2011.  Terrell offered to continue to provide legal services for a set fee, but the offer was never accepted.  This caused a breakdown of the attorney-client relationship.  Terrell states that INHS's failure to pay him, and its anticipated bankruptcy filing, suggested to him that INHS had abandoned its case. Terrell also states that INHS ignored his communications. Terrell argues that INHS's lack of cooperation with him hindered his ability to gain compliance with the court's orders.  He also points out that even after he was relieved as counsel in November 2011,

$6,500 more in discovery sanctions were imposed on INHS. Terrell argues that this is evidence that he had no control over his client's discovery abuses.

First, we note that Terrell makes no effort to explain INHS's noncompliance with the court's orders during the time period between September 2, 2010 and July 2011, when the alleged breakdown of the attorney-client relationship occurred. Since Terrell has provided no explanation for INHS's failure to respond to discovery during this time period, he has failed to defeat the presumption that the failure to respond was willful.

Second, Terrell has failed to cite a case where an insurance company's decision not to fund litigation, and an anticipated bankruptcy filing, were considered an adequate excuse for failure to comply with discovery orders. The trial court's decision that Terrell's actions were worthy of sanctions under Code of Civil Procedure section 2023.030, subdivision (a), was not an abuse of discretion under the circumstances.

### B. Sanctions against INHS

INHS argues that it had no knowledge of the prior orders of the court. Like Terrell, INHS points to the lack of insurance coverage and its inability to pay for its defense. INHS admits that its insurer did not withdraw funding until July 2011. Like Terrell, INHS does not attempt to explain why it did not comply with the court's September 2, 2010 order in the previous 10-month period.

INHS presents no legal authority for its position that its insurer's withdrawal of coverage provides an excuse for noncompliance with a discovery order. Under the circumstances, we decline to find an abuse of discretion.

INHS argues that the fact that no further sanctions have been issued in the last year demonstrates that INHS has been in compliance with the orders of the court since the time that it became aware of those orders.[4] INHS raises the issue of its recent compliance with court orders as evidence that it must have been unaware of the orders dated September 2, 2010, June 14, 2011, and July 28, 2011. Again, INHS fails to provide

---

**4** In connection with this argument, INHS requested that we take judicial notice of the docket sheet in this matter, showing a record of the proceedings up to the current time. We granted the request.

any legal authority suggesting that subsequent compliance with court orders demonstrates that a previous discovery sanction may be considered an abuse of discretion. We therefore find that no abuse of discretion occurred.

## III. The trial court did not abuse its discretion in denying the motion for reconsideration

In his motion for reconsideration, Terrell provided the trial court with additional facts and circumstances that were not before the trial court when it made its October 13, 2011 rulings. The additional facts and circumstances were: (1) In July 2011, INHS's insurance company withdrew its funding of litigation and ordered Terrell to stop working on the matter; (2) INHS avoided and ignored Terrell's communications since August 2011; (3) Terrell requested that INHS allow him to withdraw from the case; and (4) Terrell informed INHS that due to INHS's refusal to allow him to withdraw from the case, the nonpayment of fees and abandonment of the case, he would seek a court order to be relieved as counsel.

It is Terrell's position that the trial court did not give due consideration to these additional facts raised in his motion for reconsideration. Terrell argues that the trial court identified no conduct on his part supporting the imposition of sanctions against him, and in fact the record is devoid of any facts suggesting that any conduct on his part would warrant the imposition of sanctions. Terrell insists that he never advised INHS not to obey court orders, nor did he willfully fail to comply with court orders.

As discussed above, it is Terrell's burden to prove that he did not advise his client to disobey the court's order. (*Corns v. Miller, supra*, 181 Cal.App.3d at p. 201.) Terrell's citation to a lack of evidence of improper conduct does not meet this burden. This is especially true where, as here, appellants' failure to comply with the discovery orders spanned a year's time and necessitated repeated orders of compliance. Under the

circumstances, and taking into account all new facts that were placed before the trial court at the time of the motion for reconsideration, no abuse of discretion occurred.[5]

## DISPOSITION

The rulings are affirmed.  Respondents are awarded their costs of appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.*
FERNS

---

[5]     Because we have determined that the trial court did not abuse its discretion in denying Terrell's motion for reconsideration, we decline to address INHS's argument that in the event we should reverse this ruling, it should be afforded an opportunity to be heard on this subject.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.