Filed 7/17/24  Wardwell v. Burns CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| DEBORAH M. WARDWELL, | D082352 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00003035-CU-NP-CTL) |
| BRIAN MICHAEL BURNS et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Keri G. Katz, Judge.  Affirmed.

Brown White & Newhouse, Kenneth P. White; The Arkin Law Firm and Sharon J. Arkin for Defendants and Appellants.

Swierenga Law & Mediation and Kimberly M. Swierenga for Plaintiff and Respondent.

Defendants Brian Burns, Venus Burns, and Burns Law Firm (the Burns defendants) appeal from an order imposing sanctions against them in the amount of $35,000 under the Civil Discovery Act (Code Civ. Proc.,

§ 2016.010 et seq.)[1] after plaintiff Deborah Wardwell successfully moved to compel the production of discovery.

The Burns defendants do not dispute that when a party unsuccessfully opposes a motion to compel discovery, as occurred here, the trial court is required to impose monetary sanctions unless it finds the party acted with substantial justification or imposition of sanctions under the circumstances would be unjust. Nor do they challenge the conclusion that Wardwell was entitled to some amount of sanctions. Rather, they contend that the sanctions award must be reversed for the following independent reasons: (1) Wardwell failed to provide substantial evidence of fees incurred, and the amount of sanctions awarded was therefore unsupported; (2) the trial court erred in declining to impose at least some of the sanctions on the Burns defendants' own counsel; (3) the sanctions were imposed for improper purposes, including to punish defendants; and (4) the trial court abused its discretion in failing to "offset" the sanctions by also imposing sanctions on Wardwell.

We find no error in the trial court's order and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, Wardwell filed a complaint against the Burns defendants and several other entities asserting claims for financial elder abuse, civil rights violations, quiet title, injunctive relief, and declaratory relief. Wardwell's first amended complaint alleged that her son, Brian Burns, while acting as the attorney and trustee for Wardwell, his "dependent, mentally ill and vulnerable mother," misappropriated and sold at a discount title to her home and wrongfully took $600,000 from her. In addition to the

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

financial elder abuse claim previously asserted, Wardwell asserted claims for intentional infliction of emotional distress, conversion, constructive trust, unjust enrichment, and equitable estoppel against the Burns defendants and alleged that Brian Burns and the Burns Law Firm were liable for negligence and breach of fiduciary duty and that Brian's wife, Venus Burns, aided and abetted the breach of fiduciary duty.

In July 2021, after extensive meet-and-confer efforts by the parties and several informal discovery conferences with a court-appointed discovery referee, Wardwell filed 19 motions to compel production of discovery from the Burns defendants. Wardwell sought to compel: further responses to requests for admission, form interrogatories, requests for production of documents, and inspection demands from all three defendants; Brian Burns's attendance at a continued deposition; and further deposition testimony of Venus and Brian Burns. She also requested sanctions against the Burns defendants and their attorney. The Burns defendants filed oppositions.

In September 2021, the trial court appointed a discovery referee "to hear and determine any and all discovery motions and disputes relevant to discovery in this action and to report findings and make a recommendation" under section 639, subdivision (a)(5). In November 2021, the referee issued his written recommendations regarding Wardwell's pending discovery motions. The referee analyzed each category of requests and made recommendations as to each, finding that many of the responses and objections asserted by the Burns defendants were inadequate and recommending that the trial court compel further responses and production of documents. The referee recommended deferring the issue of sanctions until all issues regarding the parties' compliance with any order arising from

3

his report were resolved.  The Burns defendants did not object to the referee's recommendations.

Through this point in the litigation, the Burns defendants had been represented by attorney James D'Ambrosio.  On November 23, 2021, Defendants filed a substitution of attorney, and attorney Dan Chambers took over the case.

In December 2021, the trial court entered an order adopting the recommendations of the referee and ordering compliance with the discovery items.  Based on the granting of several of her motions to compel discovery, Wardwell moved for monetary, issue, evidentiary, and terminating sanctions against the Burns defendants under sections 2023.010, 2023.030, 2025.480, 2030.290(c), 2030.300(d)-(e), 2031.310(h)-(i), 2033.290(d)-(e), and 2031.300(c). She requested $181,956.89 in attorneys' fees and costs.  The Burns defendants filed two opposition briefs, and Wardwell filed a reply.

After holding a hearing on Wardwell's request for sanctions, the discovery referee issued written recommendations, detailing the reasoning for his conclusions as to each category that formed the basis of Wardwell's request.  As an initial matter, the referee found that sanctions were not warranted for any conduct of defendants after the time the referee filed his November 16, 2021 recommendations as to Wardwell's motions to compel, as there had "been no finding that there ha[d] been any non-compliance with the Court's December 14, 2021 order."  The referee therefore declined to consider the fees and costs incurred after that date.  The referee found, based on Wardwell's "counsel's declaration and otherwise," that $83,533.60 had been incurred in connection with the "numerous motions that the Referee considered, and the Court ruled on, in late 2021."  The referee recommended

4

that the trial court impose sanctions on the Burns defendants in the amount of $35,000.

In support of his recommendation, the referee made several findings. First, the referee concluded that defendants' positions on the issues of Mr. Burns's deposition, Ms. Burns's privacy objections, the location of their document productions, and the production of metadata were either meritorious or sufficiently reasonable so as to preclude an award of sanctions. The referee also found that, despite the fact that the Burns defendants failed to demonstrate any valid objections to Wardwell's form interrogatories, their failure to respond did not warrant sanctions.

Regarding Wardwell's requests for admission, the referee found that defendants repeatedly asserted "completely meritless objections," and "the obvious inadequacy of the responses that were made subject to these frivolous objections, demonstrate[d] that Defendants' position was unreasonable." "Further, Defendants pursued these objections, and refused to revise their answers, even after Plaintiff explained in great detail, with *uncontested* references to the statutes and caselaw, that Defendants' positions were unreasonable. The Referee believes this conduct demonstrates that Defendants did not approach the compliance with their discovery obligations in good faith. These actions created an enormous burden on the Court, the Referee, and the Plaintiff, who also was required to incur large and unnecessary attorneys' fees as a result of Defendants' discovery misconduct." (Italics added.) The referee noted that, with regard to Wardwell's requests for admission (with the exception of the genuineness of documents requests) and associated form interrogatories, the court sustained only 12 percent of Mr. Burns's objections. As to the "vast majority" of the requests, defendants advanced "unreasonable and bad faith positions."

5

Regarding Wardwell's document production requests, the referee stated that the trial court again sustained objections to only "a tiny fraction of the requests," and he found that the "vast majority of [defendants'] objections . . . were clearly meritless, and the responses that were provided subject to the objections were clearly noncompliant even though the non-compliance was pointed out, without any meaningful response, to the Defendants during the meet-and-confer process. Again, Defendants' misconduct in this regard resulted in large and unjustified financial burdens on the Plaintiff, as well as burdens on the Court."

In determining the appropriate amount of monetary sanctions, the referee noted that Wardwell had "not set forth information from which the Referee can determine exactly how much she spent responding to Defendants' objectively unreasonable and bad faith discovery responses, and how much she spent on other matters." He went on to explain: "Certainty in this area is not required, however, and the Referee, given the many hours he has spent on this matter and the voluminous records concerning discovery issues, clearly has a sufficient basis to conclude that, at a minimum, a substantial amount of fees and costs are attributable to Defendants' misconduct. Resolving any uncertain[t]y against the award of sanctions, the Referee recommends that Defendants, jointly and severally, be assessed $35,000.00 in discovery sanctions." Wardwell and the Burns defendants filed objections to the written recommendations.

The trial court independently considered the discovery referee's recommendations, all objections and responses submitted by the parties, the declaration of Wardwell's counsel in support of her objections, and the hearing transcript. After review, the court accepted "the discovery sanctions award of $35,000.00 and all findings and recommendations set forth in the

6

Discovery Referee's November 18, 2022, recommendations."  The court thus imposed sanctions in the amount of $35,000 against all three Burns defendants jointly and severally.

## DISCUSSION

A.  *Standard of Review*

A discovery referee's findings and recommendations to the trial court, including as to discovery sanctions, "are advisory only, and do not become binding unless adopted by the court."  (See *Jovine v. FHP, Inc.* (1998) 64 Cal.App.4th 1506, 1522.)  The court must independently consider the referee's findings and any objections and responses to objections by the parties before acting upon the recommendations.  (*Ibid.*; § 644, subd. (b).)  Once the court has adopted the referee's recommendations, they become binding on the parties.

On appeal, we review the trial court's imposition of discovery sanctions for an abuse of discretion, viewing the entire record in the light most favorable to the court's ruling and drawing all reasonable inferences in support of it.  (*Sabetian v. Exxon Mobil Corp.* (2020) 57 Cal.App.5th 1054, 1084–1085 (*Sabetian*) [affirming award of monetary and evidence sanctions].)  The trial court's decision is reversed only "for manifest abuse exceeding the bounds of reason."  (*Id.* at p. 1084 [cleaned up]; see also *Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 878 [a trial court's order imposing sanctions is reversed only if its action was "arbitrary, capricious, or whimsical"].)

7

B. *The Trial Court Did Not Abuse Its Discretion in Imposing Sanctions*

The Burns defendants put forth four main arguments in support of their request that we reverse the trial court's sanctions award. We address each in turn.

1. *Substantial Evidence Supports the Amount Awarded*

The Burns defendants first contend that the trial court's sanctions award must be reversed because the specific amount imposed is not supported by substantial evidence.[2] According to defendants, Wardwell's counsel failed to set forth facts sufficient to support the amount sought in sanctions because she did not provide time sheets establishing the amount as to each separate motion or issue, and instead submitted a general declaration that set forth the total amount of time and money spent on all 19 discovery motions. We do not agree.

Contrary to the Burns defendants' suggestion, "[t]he law is clear . . . that an award of attorney fees may be based on counsel's declarations, without production of detailed time records." (*Raining Data*

---

[2] As we noted, the Burns defendants do not contend the imposition of sanctions itself was unwarranted. Nor do they dispute that an award of sanctions was mandatory under the Discovery Act once the trial court granted certain of Wardwell's motions to compel, unless it found that defendants "acted with substantial justification or imposition of sanctions would be unjust under the circumstances." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 790 (*Cornerstone*); see also §§ 2023.030, subd. (a) [monetary sanctions generally]; 2025.480, subds. (j)–(k) [monetary sanctions for requests for production]; 2030.290, subd. (c) [monetary sanctions for interrogatories]; 2030.300, subds. (d)–(e) [monetary sanctions for further response to interrogatories]; 2033.290, subds. (d)–(e) [monetary sanctions for further response to requests for admission].) Defendants do not argue they acted with substantial justification or that the imposition of sanctions is unjust.

*Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375; *Balsam v. Trancos, Inc.* (2012) 203 Cal.App.4th 1083, 1103 (*Balsam*) ["Detailed timesheets are not necessarily required to support fee awards."].) "The experienced trial judge is the best judge of the value of professional services rendered in her court, and while her judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Balsam*, at p. 1103 [cleaned up].)

We cannot say the trial court's ruling here was clearly wrong. The discovery referee and trial court properly relied upon their experience, judgment, and the declaration of Wardwell's counsel in determining the appropriate amount of sanctions. Wardwell's counsel declared that she spent "more than 155 hours meeting and conferring, letter-writing, categorizing, telephoning, scheduling, printing, tabbing, filing, preparing for and attending multiple discovery conferences, making a record, and drafting 19 separate motions and separate statements." Counsel further stated that her hourly rate is $500 and that she incurred messenger fees in the amount of $485, reporter fees of $408.60, and filing fees of $1,140. Thus, the total fees and costs incurred by Wardwell to prepare, file, and resolve the 19 motions to compel was $83,533.60. The discovery referee acknowledged that Wardwell did not set forth information from which he could determine "*exactly* how much she spent responding to Defendants' objectively unreasonable and bad faith discovery responses." (Italics added.) However, this lack of specificity was to Wardwell's detriment, not defendants'—the referee stated that "any uncertain[t]y" in the amount was resolved "*against* the award of sanctions." (Italics added.) Moreover, the referee explained that "given the many hours he has spent on this matter and the voluminous records concerning discovery issues," he felt he had "a sufficient basis to conclude that, at a minimum, a

9

substantial amount of fees and costs are attributable to Defendants' misconduct."

We also presume the other arguments the Burns defendants raise in support of their contention that the amount was not properly determined—for example, that Wardwell included administrative work for which an attorney may not be compensated and failed to separate out the fees incurred by individual motion or issue—were taken into consideration by the discovery referee and trial court in awarding Wardwell the reduced amount of less than half of her requested fees and costs. (See *Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563 ["it is presumed that the court followed the law"].) Indeed, the referee expressly stated that any uncertainty in the amount incurred by Wardwell was resolved against her. Although more specific information detailing the fees incurred by Wardwell would be preferable, and perhaps required under other circumstances, the information provided here was sufficient to support the award.

The trial court ultimately reduced the amount of fees requested by almost 60 percent, compensating Wardwell for approximately 70 hours of work on 19 motions to compel, or less than four hours per motion, at $500 per hour. This is not unreasonable. Although we recognize that not all of Wardwell's motions or arguments were meritorious, the trial court found with respect to the vast majority of Wardwell's requests for production, requests for admissions, and associated form interrogatories—which comprised the bulk of her motions to compel—that defendants advanced unreasonable and bad faith positions, with only a "tiny fraction" of their objections sustained. We therefore conclude that the court did not abuse its discretion in awarding $35,000 in sanctions.

2. *The Trial Court Did Not Err in Declining to Impose Sanctions on Defendants' Counsel and/or Former Counsel*

The Burns defendants next contend that it was an abuse of discretion for the trial court to impose sanctions only on them and not on their former counsel, arguing that the court erroneously shifted the burden to defendants to prove that the sanctions should have been imposed on their former attorney. Again, we disagree.

Section 2023.030, subdivision (a) permits the trial court to impose monetary sanctions against an attorney only where the attorney advises the conduct constituting the misuse of the discovery process. (*Cornerstone, supra*, 56 Cal.App.5th at p. 799.) "An attorney may only be penalized under this provision for advising disobedience. It is not enough that the attorney's actions were in some way improper and contributed to the disobedience of the court order." (*Corns v. Miller* (1986) 181 Cal.App.3d 195, 200 (*Corns*).)

Several courts have concluded that the attorney bears the burden of proving they did not so advise the client. (See, e.g., *Corns, supra*, 181 Cal.App.3d at p. 201; *Cornerstone, supra*, 56 Cal.App.5th at p. 799.) However, none of those cases involved a situation where it was the client arguing that sanctions should be imposed on their own attorney. In our view, the case law demonstrates not that the burden of proof must always be placed exclusively on the attorney, but rather that it must be "allocated to the parties against whom sanctions are sought." (*Corns*, at p. 201.) This is because "[a]n attorney's advice to a client to answer or not answer [discovery requests] is a fact peculiarly within the knowledge of attorney *and client*. To place the burden of proof on the moving party in this situation would effectually nullify the statutory language and frustrate the statutory purpose." (*Ibid.*, italics added.) This makes sense given the general proposition that "[w]here the evidence necessary to establish a fact essential

11

to a claim lies peculiarly within the knowledge and competence of one of the parties, that party has the burden of going forward with the evidence on the issue although it is not the party asserting the claim." (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1189 [cleaned up].)

The interpretation of the case law urged by defendants, on the other hand, would mean that where a client seeks to share the burden of sanctions with their former attorney, the client benefits from sitting back and doing nothing in opposition to a sanctions motion. If the client's former attorney remains silent (as is eminently likely where, as here, a sanctions motion is filed *after* the attorney has withdrawn from the case), the client can thereby pin the blame on their former attorney and avoid the consequences of their own misconduct—even though the client would be in a position to produce the evidence if in fact they acted on advice of counsel. We do not believe such an interpretation carries out either the Legislature's intent or that of the courts that previously addressed the burden of proof.

We find it unnecessary to resolve this issue, however, because regardless of who had the burden of proof here, we see no evidence in the record that any of the Burns defendants' attorneys advised their clients to misuse the discovery process. (See *Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 84 (*Kwan*) [finding no substantial evidence of counsel advising their clients to misuse discovery process where defendants failed to "point to any direct evidence that [counsel] advised" plaintiffs to do so].) Defendants claim the discovery referee's comments at the sanctions hearing—including that former attorney D'Ambrosio "wasn't making a good faith attempt to comply" and made frivolous objections—show that the referee "confirmed that the discovery problems were largely due to D'Ambrosio's conduct." These comments do not reflect findings or

recommendations made by the referee, however, and they were not adopted by the trial court. Moreover, it is not enough that D'Ambrosio's actions may have been "in some way improper and contributed to the disobedience of the court order." (*Corns, supra*, 181 Cal.App.3d at p. 200.) An attorney may only be penalized for advising disobedience. (*Ibid*.)

The only conduct defendants point to that any attorney actually *advised* is D'Ambrosio's instruction to Venus and Brian Burns not to answer certain questions at their depositions based on their constitutional right to privacy regarding their financial information. But the trial court specifically found that no sanctions were warranted in connection with Wardwell's inquiry into the Burns's financial information, even where defendants were ultimately ordered to produce the information. The court also denied Wardwell's motion to compel Brian Burns for a continued deposition as moot. Therefore, this instruction cannot form the basis of sanctions against D'Ambrosio.

In short, "defendants have not persuaded us that the trial court erred in its decision to decline to award monetary sanctions against [their former counsel] under section 2023.030(a)." (*Kwan, supra*, 58 Cal.App.5th at p. 85.)

3. *Sanctions Were Not Awarded for an Improper Purpose*

The Burns defendants also contend that the trial court abused its discretion because the sanctions it imposed served an improper purpose for two reasons: (1) the sanctions were punitive in that they were imposed in part due to defendants lodging objections with their responses; and (2) the purpose of the Discovery Act is to ensure compliance, and the Burns defendants had fully complied with the discovery referee's order by the time sanctions were imposed. We are not persuaded by either argument.

"Discovery sanctions are intended to remedy discovery abuse, not to punish the offending party. Accordingly, sanctions should be tailored to serve that remedial purpose, should not put the moving party in a better position than he would otherwise have been had he obtained the requested discovery, and should be proportionate to the offending party's misconduct." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1223 (*Williams*) [affirming trial court's order imposing terminating sanctions].) In arguing that the sanctions here were intended to punish them, the Burns defendants rely on statements in the referee's report that *some* of defendants' responses were "sufficient once . . . given without being subject to the meritless objections, should those responses still be appropriate when the objections are removed." According to defendants, the fact that their responses to certain interrogatories and requests for admission were found to be sufficient demonstrates that the trial court's sanctions order was improper.

Whether some of defendants' discovery responses were sufficient is not the relevant inquiry. The referee, and thus the court, specifically found that many responses were not sufficient. The record reveals a persistent failure to comply with discovery obligations and deadlines, including a repeated failure to adequately (or at all) respond to Wardwell's requests for admission and

14

associated form interrogatories, as well as many document production requests. Sanctions were therefore mandatory under the Discovery Act once the trial court granted Wardwell's motions to compel that discovery, unless it found that defendants "acted with substantial justification or imposition of sanctions would be unjust under the circumstances." (*Cornerstone, supra*, 56 Cal.App.5th at p. 790.)

There is no indication in the record the sanctions here were imposed to punish rather than to compensate Wardwell for the fees incurred due to the Burns defendants' misuse of the discovery process. Nor is the amount recommended and imposed—$35,000—"extraordinarily high," as defendants claim. Wardwell requested more than $180,000 in monetary sanctions to compensate her for attorneys' fees and costs spent based on more than 350 hours spent seeking discovery from defendants, as well as evidentiary, issue, and terminating sanctions. For the relevant time period as determined by the referee and trial court, Wardwell incurred $83,533.60 in fees and costs to resolve the 19 motions to compel discovery. The referee recommended, and the trial court ordered, payment of approximately 40 percent of the total fees and costs incurred in connection with the discovery motions (and less than 20 percent of the amount originally requested) and no other sanctions. We do not find this award to be a "manifest abuse exceeding the bounds of reason." (*Sabetian, supra*, 57 Cal.App.5th at p. 1084 [cleaned up].)

Equally unpersuasive is the Burns defendants' argument that because "Wardwell had already obtained all the discovery she required" by the time sanctions were imposed—a view of the current state of discovery not shared by Wardwell—sanctions were not necessary to accomplish the purpose of discovery. This argument reflects a fundamental misunderstanding of the purpose of discovery sanctions, which is not merely to obtain compliance, but

15

to "remedy discovery abuse." (*Williams, supra*, 167 Cal.App.4th at p. 1223.) The trial court's order here did precisely that. The monetary sanctions imposed were proportionate to defendants' misconduct, and they did not place Wardwell in a better position than she otherwise would have been had she obtained the requested discovery in a timely manner. (See *ibid*.)

Defendants' argument suggests that they should be permitted to repeatedly flout their discovery obligations, disobey court orders, and waste the time and resources of the opposing party, the discovery referee, and the court, yet avoid any consequences for their misconduct so long as they *eventually* comply. This would not be fair, and it is not the law. This court has explained that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions . . . . Last-minute [compliance] does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." (*Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 230.) And the California Rules of Court expressly provide that a "court may award sanctions under the Discovery Act in favor of a party who files a motion to compel discovery, even though . . . the requested discovery was provided to the moving party after the motion was filed." (Cal. Rules of Court, rule 3.1348(a).) We conclude that the trial court acted well within its discretion in issuing the sanctions order based on defendants' misconduct.

4. *Defendants' Argument Regarding Offsetting Sanctions Is Meritless*

The Burns defendants' final contention that the trial court abused its discretion by failing to "offset" the sanctions award by imposing sanctions against Wardwell is also without merit. The order imposing monetary sanctions against defendants is directly appealable under section 904.1, subdivision (a)(11) and (12). (*Deck v. Developers Investment Co., Inc.* (2023)

16

89 Cal.App.5th 808, 812.)  An order deciding not to award sanctions, however, is not immediately appealable.  The Burns defendants' request for an offset is an attempt to challenge a nonappealable order denying sanctions, which we lack jurisdiction to review at this stage.  We therefore decline to address their argument.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Wardwell.


BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


KELETY, J.